**Irfan GOKCE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72895.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2007.*

Filed Aug. 1, 2007.

Thomas L. Boeder, Esq., Perkins Coie, LLP, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Immigration and Naturalization Service Office of the District Counsel, Helen J. Brunner, Esq., Office of the U.S. Attorney, Seattle, WA, for Respondent.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

Irfan Gokce, a native and citizen of Turkey, petitions for review of the summary affirmance by the Board of Immigration Appeals (BIA) of the decision of an Immigration Judge (IJ) denying his application for asylum, withholding of removal, and relief under the Convention Against Tor-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* . Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review.

Because the BIA affirmed without opinion, we review the IJ's decision as the final decision of the agency. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1184 (9th Cir. 2006). We do not determine in the first instance whether mentally ill Turkish citizens constitute a "particular social group" for the purposes of asylum. *See Gonzales v. Thomas,* 547 U.S. 183, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006); *Gonzales v. Tchoukhrova,* —— U.S. ——, 127 S.Ct. 57, 166 L.Ed.2d 7 (2006) (vacating and remanding *Tchoukhrova v. Gonzales,* 404 F.3d 1181 (9th Cir.2005)).

The IJ's conclusion that Gokce did not present credible testimony establishing past persecution is supported by substantial evidence. *See Zehatye,* 453 F.3d 1182 (administrative finding of fact will be reversed only if evidence compels contrary conclusion). The IJ's conclusion that the documentary evidence in the record did not establish an objective basis for Gokce's fear of future persecution is also supported by substantial evidence. Because Gokce did not establish eligibility for asylum, he necessarily failed to establish eligibility for withholding of removal. *See id.* at 1190 (standard for withholding is more stringent).

The CAT claim requires an applicant to prove that it would be more likely than not that he would be tortured if removed. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001). Gokce did not demonstrate that commitment to a mental institution constituted torture, or that it was more likely than not that he would be subjected to electroshock treatment.

PETITION FOR REVIEW DENIED.